Chief Justice Boyle
delivered the Opinion of the Court.
On the dismission of a writ of error coram vobis, in the Montgomery circuit court, which had been made a supersedeas, that court refused to render judgment for ten per cent damages upon the amount of the recognizance to which the writ of error had been prosecuted, and the defendant in that court, having excepted to the decision upon that point, has brought the case to this court by writ of error.
The only question, therefore, is, whether the circuit court erred in not adjudging the plaintiffs to pay to the defendant in that court, ten per cent damages.
The solution of this question depends upon the construction of the 5th and 6th sections of the act; of assembly concerning writs of error coram vobis, 2 Dig. 1258, and the application of those sections to the proceedings had in this case.
The 5th section of the act requires the writ of error to be put upon the isáue docket of the court to which it is returned, before the common law issues, arid to be tried during the term to which it is returned, and provides that, “if a trial is not had at the “ said term, (except where no court is formed du~ “ ring the term,) it shall, at the expiration of the said “ term, stand ipso facto dismissed, and the same “ proceeding by execution be had as would have “ heen, had no writ of errer been sued out.”
By the 6th section it is enacted that “in all cases s< when a writ of error is made a supersedeas whethe< er the same be issued from the office of the court Si of appeals or any other court, if the judgment or Sf decree to reverse which the writ of error is sued “ out, he affirmed or the writ dismissed or discon- “ tinued, the plaintiff in error shall pay to the de» “ fendent ten per cent damages on the sum due on ** the said judgment or decree.”
The writ of error coram vobis was dismissed by the circuit court, on the ground that it was not tried at the term to which it was returned, and the *153 3tli section of the act which directs the writ in that event to stand dismissed not requiring damages to be given, and the circuit court not believing the 6th section to be applicable to the case, refused to render judgment for the damages.
Whore there is no ambiguity them can be no interpretation.
No proposition can be more evident than that the 5th section does not subject the plaintiff in a-writ of error to the payment of damages; but there is nothing in the section that either expressly or by necessary implication, negatives the idea that they may be subjected to the payment of damages by any other provision of the law applicable to the cases in which the writs of error may be dismissed by the operation of that section, and we cannot believe, as the circuit court seems to have done, that the 6th section is inapplicable to cases of that character.
The language of the section is universal, and expressly embraces all cases where the writ of error is made'a supersedeas, if it be dismissed, and if, therefore, the writ of error be made a supersedeas, and be dismissed, whether the dismission be by operation of law, or by the act and default of the party, the.provisions of this section are equally applicable to the case, and subject the plaintiff in the writ to the payment of damages.
' Where the legislature thus explicitly declares, that in all cases where the writ of error is made a supersedeas, and is dismissed, the plaintiff shall pay ten per cent, damages, we cannot with any propriety say that in some cases, although the writ qf error be made a supersedeas, and be dismissed, yet. the plaintiff shall not pay ten per cent, damages. To do so would be making exceptions, where the legislature has made none, and would partake more of the character of legislation, than of interpretation.
In such cases, where there is no ambiguity in the words employed by the legislature, there can be no interpretation contrary to the words. Ubi nulla est ambiguitas ibi nulla expósita contra verba fiendaest, is a maxim of sound sense as noil as of law, and applies with equal force and propriety to statutes, and-to every other written instrument.
But it is contended, that the circuit court, erred in dismissing the writ of error comm vobis on the *154 ground assumed by that court, because, as it is alleged, there bad been atrial at the term to which the Writ of error was returnable and a new trial granted at the instance of the plaintiffs in the writ, and therefore, it is infered that damages ought not' to bc-awarded against them. This inference wouhl not, we apprehend, be admissible were the premises from which it is deduped conceded to bo correct. The plaintiff in this court is not seeking a reversal of the judgment of dismission, but a correction of the decision of the circuit corn-tin refusing to award to him ten per cent, damages. Nor have, the defendants here, who were plaintiffs in that court, brought the case to this court for revision or correction. The question, therefore, whether the judgment of dismission is correct or not. cannot be properly made in this case, for whether that judgment be erroneous or not, it is, until reversed cqually binding upon the parties, and must, of course, be followed by the same legal consequences!
On error by a defendant in a writ of error cortan no-bis, on an assignment that tbo court beioiv erred in not awarding-ten per cent damages on dismissing the writ, no error in tlis judgment of dismissal can ho enquired into
—No error in the dirmis'il can effect the right to chungas or oilier consequences.
The trial required by the iffaltite to be had, of a writ of error coram vohi-i, at the iivst term is of the whole case ;a trial of one issue of fact and verdict set aside as to that, without disposing- of other issue, is not such a trial, and the case cannot be continued.
Errors of law and of fact cannot be both assigned on a writ of error coram vobis. To such an assignment defrndent should demur.
*154 But we cannot concede that the judgment of dis-mission is erroneous. It is true that an issue of fact joined between the parties, had been tried by a jury, and a new trial of that issue hud been granted, at the instance of the plaintiffs in the circuit court, at the term to which the writ was returnable, but it was not a trial of the whole case. Errors of law, as well as of fact, bad been assigned, and beside the issue of fact, which had been tried, there was a plea of in nulla est erratum pleaded to the errors of law, and a general demurrer to all the errors assigned, neither of which bad been disposed of, and a trial, to come within the provisions of the law, must, we apprehend, be a trial of the whole-case.
Besides, as it is an established rule that errors of fact and of law cannot be assigned together, it is plain, that »n the demurrer to the assignment of error, the court must have decided against the plaintiffs in that, court, and rendered, in effect, the same judgment against them as ought to be rendered upon the judgment of dismission. This would have been the case if even the errors assigned had bren SfUlicioni; bul the errors- both of fact and of law were, *155 in our opinion, insufficient. So that the judgment of dismission, taken in any point of view, cannot be justly complained of by the defendants here, who were plaintiffs in the circuit court.
Turner for plaintiff) Triplett for defendents,
The decision of that court, therefore, refusing to award judgment for ten per cent damages is erroneous, and must be reversed with cost, and the cause he remandetjj, that judgment be awarded accordingly.